UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THORNCREEK APARTMENTS I, LLC, | ) | |
| THORNCREEK APARTMENTS II, LLC, and | ) | 08 C 869 |
| THORNCREEK APARTMENTS III, LLC, | ) | 08 C 1225 |
| | ) | 08 C 4303 |
| Plaintiffs, | ) | |
| | ) | Judge Feinerman |
| vs. | ) | |
| | ) | |
| VILLAGE OF PARK FOREST, an Illinois municipal | ) | |
| corporation, TOM MICK, in his individual capacity and as | ) | |
| Village Manager, MAE BRANDON, in her individual | ) | |
| capacity and as Village Trustee, BONITA DILLARD, in | ) | |
| her individual capacity and as Village Trustee, GARY | ) | |
| KOPYCINSKI, in his individual capacity and as Village | ) | |
| Trustee, KENNETH W. KRAMER, in his individual | ) | |
| capacity and as Village Trustee, ROBERT McCRAY, in | ) | |
| his individual capacity and as Village Trustee, GEORGIA | ) | |
| O'NEILL, in her individual capacity and as Village | ) | |
| Trustee, LAWRENCE KERESTES, in his individual | ) | |
| capacity and as Village Director of Community | ) | |
| Development, JOHN A. OSTENBURG, in his individual | ) | |
| capacity and as Mayor of the Village of Park Forest, and | ) | |
| SHEILA McGANN, in her capacity as Village Clerk, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The history of these consolidated cases is set forth in the recent opinion resolving the parties' various post-trial motions. Doc. 435 (reported at 2015 WL 2444498 (N.D. Ill. May 20, 2015)). Familiarity with that opinion and its naming conventions is assumed, and, as before, all docket entries are from Case 08 C 1255. Now before the court are the parties' dueling bills of costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Thorncreek seeks $176,006.74 in costs from the Village of Park Forest, Tom Mick, and Lawrence Kerestes, the three defendants found liable by the jury. Doc. 386. Defendants seek $177,003.60 in costs from

1

Thorncreek. Doc. 387. For the following reasons, both bills of costs are overruled, and each side shall bear its own costs.

Rule 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This Rule "creates a presumption in favor of awarding costs to the prevailing party." *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 666 (7th Cir. 2014). But like most presumptions, this one can be overcome—particularly in so-called "mixed result" or "mixed outcome" cases, where each side prevails in some respects and not others, and where the district court has wide discretion to deny costs to both sides. *See Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999) ("courts have especially broad discretion to award or deny costs in mixed result cases"); *FASA Corp. v. Playmates Toys, Inc.*, 108 F.3d 140, 144 (7th Cir. 1997) ("costs … are normally awarded to the prevailing party as a matter of course, unless exceptional circumstances are present … or unless the case has a mixed outcome"); *Testa v. Vill. of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) ("Considering the mixed outcome of the civil rights and malicious prosecution claims, the decision requiring each party to bear its own costs is within [the district court's] discretion."); *Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 46 (1st Cir. 2010) ("In situations in which one party prevails on some claims and the other party prevails on other claims, the litigants are commonly ordered to bear their own costs."); *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs."); *see also Exxon Valdez v. Exxon Mobil*, 568 F.3d 1077, 1081 (9th Cir. 2009) ("In this case, neither side is the clear winner. The defendant owes the plaintiffs $507.5 million in punitives—according to counsel at oral argument the fourth largest punitive damages award ever granted. Yet that award

represents a reduction by 90% of the original $5 billion. In light of this mixed result, and mindful that the equities in this case fall squarely in favor of the plaintiffs—the victims of Exxon's malfeasance—we exercise our discretion by requiring each party to bear its own costs.") (applying Fed. R. App. P. 39(a)(4)).

Thorncreek lost several of its claims at summary judgment: its state and federal due process and takings claims in their entirety; its claims against the individual defendants in their official capacities; its Illinois Civil Rights Act ("ICRA") claim against the individual defendants in their personal capacities; and its claims against Sheila McGann. 970 F. Supp. 2d 828, 845-49 (N.D. Ill. 2013). At trial, Thorncreek lost outright on all of its claims against seven of the ten remaining defendants; lost outright on its equal protection/race, 42 U.S.C. § 1986, and ICRA claims; and prevailed against the three other defendants on only its equal protection/class-of-one claim (against the Village and Mick) and its 42 U.S.C. § 1985(3) claim (against Mick and Kerestes), obtaining $2,014,002.00 in compensatory and nominal damages and $6,000.00 in punitive damages. Doc. 372. The court's ruling on the post-trial motions eliminated Thorncreek's victory on the § 1985(3) claim, vacated $1,000.00 of the punitive damage award (the portion attributable to Kerestes, who was no longer liable on any claim), entered judgment for Kerestes, denied Thorncreek's motion for a new trial on damages, and awarded Thorncreek $501,032.88 in prejudgment interest. 2015 WL 2444498, at *11.

When all was said and done, Thorncreek prevailed on just one of several claims against just two of the eleven defendants, and received just over $2 million in compensatory damages, plus prejudgment interest, and $5000.00 in punitive damages; Thorncreek had asked the jury for about ten times as much in compensatory damages and over one hundred times as much in punitive damages, and felt so strongly that the compensatory damage award was insufficient that

3

it moved for a new trial on damages. Nine of the eleven defendants prevailed across the board against Thorncreek. All of the plaintiffs (recall that each of these three suits involves different Thorncreek entities) share materially identical interests and can be considered one "side," and the same can be said for the eleven defendants (the Village and ten of its officials, who jointly filed briefs and other pleadings throughout the case and who jointly examined the witnesses and delivered closing arguments at trial). As explained below, the outcome certainly qualifies as a "mixed result" within the meaning of the mixed result cases.

Thorncreek and Defendants each assert that they and they alone are the prevailing parties under Rule 54(d)(1). Doc. 395 at 4 ("After viewing the verdict as a whole, Defendants are the prevailing parties"); Doc. 399 at 8 ("The Plaintiffs have prevailed on the most significant and central issues in their case."). "A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief." *Smart v. Local 702 IBEW*, 573 F.3d 523, 525 (7th Cir. 2009). Although its success was limited, Thorncreek is a Rule 54(d)(1) prevailing party against Mick and the Village; $2 million is a substantial sum, and punitive damages in any amount are a substantial rebuke. *See Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir. 1999) (affirming the district court's award of costs to the plaintiff, reasoning: "Mariah argues that the court erred in awarding costs to Slane because Slane did not 'prevail' in the suit; rather, Slane won two claims and Mariah won two. The district court correctly noted that when one party gets substantial relief it 'prevails' even if it doesn't win on every claim. Slane got $225,000 from the jury. By any definition, he won the battle. The court's conclusion that Slane prevailed was more than reasonable.") (citation omitted). At the same time, the nine other defendants prevailed against Thorncreek, which makes them Rule 54(d)(1) prevailing parties.

Where a plaintiff prevails against some defendants but loses against others, one option is to tax the plaintiff's costs to the losing defendants and the winning defendants' costs to the plaintiff. *See Perlman v. Zell*, 185 F.3d 850, 858-59 (7th Cir. 1999) (stating that, although the court "cannot say that an award of costs in [plaintiff's] favor is forbidden," "[f]ive defendants have prevailed outright … [and] are entitled to recover their own costs of defense" from the plaintiff). A simpler option is for the parties to bear their own respective costs, and that is the better option where, as here, it is impossible to disentangle and allocate the costs expended by either side as between the prevailing and non-prevailing defendants.

The point is illustrated by *Israel Travel Advisory Services, Inc. v. Israel Identity Tours, Inc.*, 61 F.3d 1250 (7th Cir. 1995), which affirmed the district court's ordering the parties to bear their own costs where the plaintiff "prevailed …, but only in part." *Id*. at 1261. The *Israel Travel* plaintiff succeeded against one defendant, but it "lost outright" against another and lost to a third "in advance of trial." *Ibid*. In addition, the plaintiff "peppered the judge with woebegone theories … [which] took up time and [the defendant's] money without producing anything in return." *Ibid*. "Under the circumstances," the Seventh Circuit reasoned, "declining to shift costs was a wise decision." *Ibid*. Similarly, in *Testa v. Village of Mundelein*, *supra*, the plaintiff sued several Mundelein police offers for unlawful arrest and the Village of Mundelein for malicious prosecution. The plaintiff succeeded only on the malicious prosecution claim. 89 F.3d at 444. The district court opted to "exercise its discretion to decline to award costs to either side." *Testa v. Vill. of Mundelein*, 1995 WL 383181, at *9 (N.D. Ill. June 23, 1995). The Seventh Circuit affirmed, explaining that "[d]istrict courts enjoy wide discretion in determining and awarding reasonable costs," and that "[c]onsidering the mixed outcome" at trial, "the decision requiring each party to bear its own costs is within that discretion." *Testa*, 89 F.3d at 447.

5

The same outcome is appropriate here. Thorncreek lost outright against most of the defendants, and its many unsuccessful claims—not simply the theories on which it was completely shut out, like takings, due process, conspiracy, and race discrimination, but also on the class-of-one theory that it pursued unsuccessfully against nine of the eleven defendants— took up a significant amount of time and money without producing anything in return. And even Thorncreek's success against the Village and Mick brought it only a tenth of what it sought from the jury. Given these mixed results, the court chooses to exercise its discretion to order each side to bear its own costs. *See Landau & Cleary, Ltd. v. Hribar Trucking, Inc.*, 807 F.2d 91, 94 (7th Cir. 1986) ("In light of the fact that both parties prevailed on one or another of the claims, it was within the district court's sound discretion not to award [the plaintiff] costs."); *Wells v. City of Chicago*, 925 F. Supp. 2d 1036, 1050 (N.D. Ill. 2013) (denying costs to both sides where the plaintiff prevailed on only one set of claims against only some of the defendants); *Gonzalez v. City of Elgin*, 2010 WL 4636638, at *2 (N.D. Ill. Nov. 8, 2010) (denying costs to both parties where the plaintiffs prevailed against two individual defendants and the city but lost against four other individual defendants).

The analysis could stop here, but it bears mention that each side seeks almost exactly the same amount of costs from the other. *Cf. Testa*, 1995 WL 383181, at *9 ("Rather than make the parties pay each other's costs, with the net effect of requiring Mr. Testa to pay Defendants some $300, the court will exercise its discretion to decline to award costs to either side."). To be sure, each side makes extensive objections to the other's bill, threatening to undo the symmetry. Indeed, Defendants concede that $128,000 of their requested costs cannot be recovered. Doc. 394 at 6-7 (objecting to Defendants' request to recover for their forensic accountant's expert witness fees); Doc. 400 at 4-5 (withdrawing the request). Still, the ledgers ultimately could have

6

balanced.  Thorncreek contends that 28 U.S.C. § 1920(4), which allows the court to tax "[f]ees for exemplification and the costs of copies … necessarily obtained for use in the case," covers the $129,000 it expended to produce and store certain electronically stored information ("ESI").  Doc. 399 at 18-21.  Citing *Johnson v. Allstate Insurance Co.*, 2012 WL 4936598 (S.D. Ill. Oct. 16, 2012), and other decisions, Defendants disagree.  Doc. 395 at 10-15.  As another judge recently observed, the Seventh Circuit "has not yet provided guidance as to which services related to the production of electronically stored information … are taxable under the statute."  *Chi. Bd. Option Exch., Inc. v. Int'l Sec. Exch., LLC*, 2014 WL 125937, at *8 (N.D. Ill. Jan. 14, 2014).  And even if some ESI costs were compensable in theory, Thorncreek has not itemized those costs.  Doc. 386-1 at 3; Doc. 386-8 (copies of invoices).  Absent additional detail, it would be difficult to determine what portion of Thorncreek's ESI costs, if any, were necessarily incurred.  *See Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000) ("even when a particular item qualifies as exemplification, a court must still determine whether it was 'necessarily obtained for use in the case'").  There is no reason to run to ground these or any other specific objections to the bills of costs, for no matter how closely the bills might offset, the mixed result makes it appropriate for each side to bear its own costs.  *See Wells*, 925 F. Supp. 2d at 1050 ("Because the Court is denying both sides' bills of costs, it need not and does not adjudicate each side's objections to particular items within the opposing side's bill of costs.").

One loose end remains.  Consistent with the jury's verdict, the judgment imposed punitive damages "in favor of Plaintiffs and against Defendant Tom Mick in the amount of $5,000.00."  Doc. 370 at 1.  In its reply brief on costs, Thorncreek asks the court "clarify" whether, in light of the verdict form and jury instructions, the judgment should have required Mick to make three $5,000 payments, one to each of the Thorncreek entities.  Doc. 399 at 6 n.1.

If Thorncreek believed that the judgment entered by the court did not properly implement the jury's verdict, it should have raised the issue in one of its two post-trial motions, not in a footnote in its reply brief on costs. In any event, no clarification is necessary. The verdict form "award[ed] punitive damages" against Mick in the amount of $5,000, not $15,000. Doc. 372 at 9. And the instructions told the jury it could "assess punitive damages *against* [a] Defendant" and to "set[] the amount of those damages" in light of several factors. Doc. 368 at 40 (emphasis added). Nowhere did the instructions suggest that whatever amount the jury settled on would be awarded in triplicate to each of the Thorncreek entities.

For the foregoing reasons, both sides' requests for § 1920 costs under Rule 54(d)(1) are denied. This disposition will not, in itself, control the disposition of any motion for attorney fees and expenses that Thorncreek plans to file under 42 U.S.C. § 1988. *See Family PAC v. Ferguson*, 745 F.3d 1261, 1268 (9th Cir. 2014) ("Under longstanding circuit practice, we will sometimes direct the parties to pay their own costs when, as here, there is a mixed judgment. In the case of the same mixed result, however, the partially prevailing plaintiff may well be entitled to an award of attorney's fees under § 1988 because plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on *any significant issue* in litigation which achieves some of the benefit the parties sought in bringing suit.") (internal quotation marks and citations omitted); *Wells*, 925 F. Supp. 2d at 1050 ("The determination to deny both sides' bill of costs [due to the case being a "mixed result" case] has no bearing on plaintiff's right to recover under 42 U.S.C. § 1988 ….").

June 11, 2015

                                                United States District Judge